UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LANCE HODGE,

Plaintiff,

v.

THOMAS GRECO and JAMES GLENN,

Defendants.

Case No.: 1:26-cv-10130

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Lance Hodge ("Plaintiff"), by and through his undersigned counsel, alleges upon personal knowledge as to himself and upon information and belief as to other matters (which is based on, among other things, his experiences at Defendants' facilities), as follows:

## NATURE OF ACTION

1. Plaintiff brings this action against Defendants Thomas Greco ("Greco") and James Glenn ("Glenn") (collectively, "Defendants") seeking redress for Defendants' unlawful and utterly unjustifiable failure to compensate Plaintiff for work performed while Plaintiff was employed at The Ritz Bar and Lounge ("The Ritz").

2. Specifically, Plaintiff was employed by Defendants at The Ritz from in or around October 2016 through March 2025. In return for his services, Defendants represented that Plaintiff would be paid a flat rate of (i) $200 on days where Plaintiff worked as a manager and (ii) $100 for days Plaintiff performed other tasks including, without limitation, maintenance and accepting liquor deliveries.

3. However, notwithstanding Defendants' representations and the basic requirement under both Federal and New York law that employees must be compensated for work performed,

Defendants repeatedly failed to compensate Plaintiff for work performed. In addition, Defendants routinely failed to reimburse Plaintiff for work-related expenses.

4. For these reasons, Plaintiff brings this action to recover unpaid wages, overtime compensation, damages, penalties and reasonable attorneys' fees and costs under the (i) Fair Labor Standards Act (the "FLSA") §§ 201, *et seq.*, (ii) McKinney's Labor Law (the "NYLL"), §§ 190, *et seq.* and §§ 650, *et seq.*,; and (iii) 12 NYCRR § 146 *et seq.*. Plaintiff also asserts common law causes of action for Breach of Contract and Unjust Enrichment.

**JURISDICTION AND VENUE**

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, the FLSA, 29 U.S.C. § 216(b).

6. This Court additionally has original jurisdiction pursuant to 28 U.S.C. § 1332 because (i) Plaintiff is a resident of New York and Defendants, upon information and belief, are residents of New Jersey and (ii) the amount in controversy exceeds $75,000.

7. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law wage and hour and common law claims because those claims derive from a common nucleus of operative fact.

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

**THE PARTIES**

9. Plaintiff is currently a resident of New York State. Plaintiff was employed at The Ritz by Defendants from in or around October 2016 through March 2025.

10. Upon information and belief, at all relevant times Defendant Greco was an owner or part owner and principal of The Ritz, who had the power to hire and fire employees, set their wages and schedules, and maintain their records.

11. Upon information and belief, at all relevant times, Defendant Greco was involved in the day-to-day operations of The Ritz and played an active role in managing the business.

12. Upon information and belief, at all relevant times Defendant Glenn was an owner or part owner and principal of The Ritz, who had the power to hire and fire employees, set their wages and schedules, and maintain their records.

13. Upon information and belief, at all relevant times, Defendant Glenn was involved in the day-to-day operations of The Ritz and played an active role in managing the business.

14. Defendants each constituted an "employer" of Plaintiff as that term is used in the FLSA and NYLL.

## FACTS

15. Plaintiff was employed at The Ritz – a nightclub located in New York, New York - from in or around October 2016 until March 2025.

16. During the relevant time frame, Defendants were, upon information and belief, owners and/or principals of The Ritz. In his capacity as an employee of The Ritz, Plaintiff reported to Defendants.

17. In return for his agreement to work at The Ritz, Defendants represented that Plaintiff would be paid a flat rate of (i) $200 on days where Plaintiff worked as a manager and (ii) $100 for days Plaintiff performed other tasks including, without limitation, maintenance and accepting liquor deliveries.

18. While employed at The Ritz, Plaintiff was typically scheduled to work a 9:00 P.M. to 5:00 A.M. shift five (5) days per week.

19. However, given his dedication to his job and the necessity to fulfill The Ritz's many needs, Plaintiff would often work outside of his scheduled shift hours and work during off hours (including on his days off) to, among other things, complete closing duties, accept liquor deliveries, handle maintenance, and receive packages. As such, Plaintiff averaged approximately fifty (50) hours of work per week for which he was required to be compensated.

20. Defendants' arrangement with Plaintiff, however, only allowed for a fixed salary irrespective of the hours Plaintiff worked. As such, Plaintiff was unlawfully deprived of minimum wage and/or overtime pay to which he was entitled.

21. In addition to failing to properly pay Plaintiff the minimum wage and/or overtime compensation to which he is entitled, Defendants also routinely failed to pay Plaintiff altogether for work he performed. Moreover, Plaintiff was not reimbursed for the various instances where he dipped into his personal funds so that The Ritz could, among other things, have a positive cash flow and purchase inventory.

22. More specifically, from in or around September 2024 through the end of Plaintiff's employment in March 2025, Defendants repeatedly issued checks to Plaintiff that "bounced" for insufficient funds. These checks were intended to, without limitation, compensate Plaintiff for work he performed and reimburse Plaintiff for work-related expenses he incurred. By Plaintiff's calculations and estimates, during this period alone Plaintiff was deprived of at least $92,484.74 in compensation and reimbursement to which he was entitled. This figure, of course, does not include the bank fees and penalties he incurred due to Defendants' issuance of bad checks.

23. Unfortunately for Plaintiff, concerns over his pay were never rectified. Instead, Plaintiff's concerns were met with an illusory promise that once The Ritz was sold, Plaintiff would be paid the money to which he was entitled.

24. However, notwithstanding that, upon information and belief, Defendants sold The Ritz in or around March 2025, Plaintiff has not received a dime.

**FIRST CAUSE OF ACTION**
**Violation of the FLSA**
**Minimum Wage and Overtime Violations**

25. The preceding paragraphs are incorporated by reference as if fully set forth herein.

26. Upon information and belief, at all relevant times Defendants have been "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

27. Upon information and belief, at all relevant times Defendants have engaged in commerce and their commercial activities generated at least $500,000 a year.

28. At all relevant times, Defendants employed and continued to employ Plaintiff.

29. The FLSA requires that each covered employer such as Defendants compensate non-exempt employees at a rate of not less than the applicable minimum wage rate for all hours worked in a workweek.

30. The FLSA additionally requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

31. Plaintiff was entitled to be paid at an hourly rate of no less than the applicable minimum wage rate for the first forty hours worked in a workweek.

32. Plaintiff was additionally entitled to be paid overtime compensation for all hours worked over forty hours in a workweek.

33. Defendants, pursuant to their policies and practices, failed and refused to pay minimum wage rates and overtime premiums to Plaintiff for all of his hours worked.

34. Indeed, Defendants failed to pay Plaintiff altogether for work performed from in or around September 2024 through March 2025.

35. By failing to compensate Plaintiff as described above, Defendants have violated the FLSA, 29 U.S.C. § 201, *et seq*.

36. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

37. Plaintiff seeks damages in the amount of his unpaid minimum wage compensation, overtime compensation, interest, and such other legal and equitable relief as the Court deems just and proper.

38. Plaintiff seeks recovery of attorneys' fees and costs, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Violation of New York Labor Law-**
**Nonpayment of Straight Wages**
**§§ 190 *et seq.* and 650 *et seq.* and 12 NYCRR 146 *et seq.***

39. The preceding paragraphs are incorporated by reference as if fully set forth herein.

40. Pursuant to the New York Labor Law including, without limitation, sections 190, 191, 193, 198 and 652 thereof, Defendants have willfully failed to pay the straight wages as set forth in the preceding paragraphs of this Complaint to Plaintiff. This conduct violates, without limitation, New York Labor Law §§ 190, 191, 193, 198 and 652 and 12 N.Y.C.R.R. §§ 146-1.1, 146-1.2, 146-2.6.

41. Defendants were not and are not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of the Plaintiff's wages that concern this

lawsuit.

42. Defendants were not authorized by Plaintiff to withhold, divert or deduct any portion of his unpaid wages which are the subject of this lawsuit.

43. Pursuant to New York Labor Law § 198, employers such as Defendants who intentionally fail to pay an employee wages in conformance with New York Labor Law shall be liable to the employee for the wages or expenses that were intentionally not paid, and court costs and attorneys' fees incurred in recovering the unpaid wages.

44. Defendants have violated the New York Labor Law by failing to pay Plaintiff for all compensable time and by failing to pay Plaintiff for the straight time worked at the established rate.

45. Plaintiff seeks the amount of underpayments based on Defendants' failure to pay straight wages of at least the minimum wage for all hours worked, as provided by the New York Labor Law, and such other legal and equitable relief as the Court deems just and proper.

46. Plaintiff seeks all liquidated damages and punitive damages and penalties available under the NYLL.

**THIRD CAUSE OF ACTION**
**Violation of New York Labor Law-**
**Nonpayment of Minimum Wages**
**§§ 190 *et seq.* and 650 *et seq.* and 12 NYCRR 146 *et seq.***

47. The preceding paragraphs are incorporated by reference as if fully set forth herein.

48. Pursuant to the New York Labor Law including, without limitation, sections 190, 191, 193, 198 and 652 thereof, Defendants have willfully failed to pay the applicable minimum wage rates as set forth in the preceding paragraphs of this Complaint to Plaintiff. This conduct violates, without limitation, New York Labor Law §§ 190, 191, 193, 198 and 652 and 12 N.Y.C.R.R. §§ 146-1.1, 146-1.2, 146-2.6.

49. Defendants were not and are not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of the Plaintiff's wages that concern this lawsuit.

50. Defendants were not authorized by Plaintiff to withhold, divert or deduct any portion of his unpaid wages which are the subject of this lawsuit.

51. Pursuant to New York Labor Law § 198, employers such as Defendants who intentionally fail to pay an employee wages in conformance with New York Labor Law shall be liable to the employee for the wages or expenses that were intentionally not paid, and court costs and attorneys' fees incurred in recovering the unpaid wages.

52. Defendants have violated the New York Labor Law by failing to pay Plaintiff for all compensable time and by failing to pay Plaintiff at least the applicable minimum wage rate for straight time worked (i.e., the first forty hours in a workweek).

53. Plaintiff seeks the amount of underpayments based on Defendants' failure to pay Plaintiff at least the minimum wage for all hours worked, as provided by the New York Labor Law, and such other legal and equitable relief as the Court deems just and proper.

54. Plaintiff seeks all liquidated damages and punitive damages and penalties available under the NYLL.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Unpaid Overtime**

55. The preceding paragraphs are incorporated by reference as if fully set forth herein.

56. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations 12 N.Y.C.R.R. 146 *et seq.* apply to Defendants and protect Plaintiff.

57. Defendants have failed to pay Plaintiff overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

58. By Defendants' knowing and/or intentional failure to pay Plaintiff wages for hours worked in excess of forty hours per week, they have willfully violated NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

59. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from the Defendants his unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

60. Plaintiff seeks all liquidated and punitive damages and penalties available under the NYLL.

**FIFTH CAUSE OF ACTION**
**<u>Breach of Contract</u>**

61. The preceding paragraphs are incorporated by reference as if fully set forth herein.

62. In return for his work at the Ritz, Defendants promised to pay Plaintiff a daily salary of (i) $200 on days where Plaintiff worked as a manager and (ii) $100 for days Plaintiff performed other tasks including, without limitation, maintenance and accepting liquor deliveries.

63. Defendants also promised to reimburse Plaintiff for any work-related expenses he incurred.

64. This agreement was valid and enforceable.

65. Plaintiff duly performed his obligations under the parties' agreement. To wit, in reliance on their agreement, Plaintiff performed work for Defendants from in or around October 2016 through March 2025. Additionally, and again in reliance on the parties' agreement, Plaintiff incurred out-of-pocket expenses to, among other things, maintain a positive cash flow and purchase inventory.

66. Despite Plaintiff's performance, however, Defendants materially breached their agreement. Specifically, from September 2024 through March 2025, Defendants repeatedly issued checks to Plaintiff that, under the parties' agreement, were purportedly intended to, among other things, compensate Plaintiff for work performed and reimburse Plaintiff for work-related expenses.

67. The foregoing checks, however, repeatedly "bounced" for insufficient funds. By Plaintiff's estimates, he was therefore deprived of at least $92,484.74 in unpaid wages and reimbursements for this period.

68. Upon raising concerns with his pay, Defendants represented that Plaintiff would be compensated once they sold The Ritz. However, despite having sold The Ritz in or around March 2025, Defendants have not paid Plaintiff.

69. Despite Plaintiff's demands for compensation, Defendants have not paid Plaintiff to date the compensation he is owed.

70. Thus, as a direct result of Defendants' breaches, Plaintiff has sustained damages.

71. As such, Plaintiff seeks to recover from the Defendants his unpaid wages and reimbursements, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**SIXTH CAUSE OF ACTION**
**Unjust Enrichment**

72. The preceding paragraphs are incorporated by reference as if fully set forth herein.

73. Plaintiff conferred a direct benefit upon Defendants by working at The Ritz and incurring out-of-pocket expenses to, among other things, maintain a positive cash flow and purchase inventory.

74. Defendants knew of and accepted and retained that benefit.

75. Plaintiff conferred the benefit with the reasonable expectation that he would be compensated for time worked and reimbursed for any work-related expenses he incurred.

76. Defendants, however, failed to compensate Plaintiff. Specifically, from September 2024 through March 2025, Defendants repeatedly issued checks to Plaintiff that were purportedly

intended to, among other things, compensate Plaintiff for work performed and reimburse Plaintiff for work-related expenses.

77. The foregoing checks, however, repeatedly “bounced” for insufficient funds. By Plaintiff’s estimates, he was therefore deprived of at least $92,484.74 in unpaid wages and reimbursements for this period.

78. As such, Defendants were enriched at Plaintiff’s expense in an amount of at least $92,484.74 for this period.

79. As such, Plaintiff seeks to recover from the Defendants his unpaid wages and reimbursements, reasonable attorneys’ fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lance Hodge seeks the following relief:

A. An award of damages, in an amount of no less than $400,000, including, without limitation, damages for unpaid minimum wages, unpaid straight wages, unpaid overtime wages, unpaid expense reimbursements, and liquidated damages and other penalties, to be paid by Defendants;

B. An award of costs incurred herein, including expert fees;

C. An award of attorneys’ fees pursuant to 29 U.S.C. § 216;

D. An award of pre-judgment and post judgment interest, as provided by law; and

E. All such other relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues so triable.

## DEMAND TO PRESERVE EVIDENCE

Defendants are hereby directed to preserve all physical and electronic information pertaining in in any way to Plaintiff and Plaintiff's employment, to Plaintiff's causes of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, Instagram, WhatsApp, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

## NOTICE PURSUANT TO NEW YORK BUSINESS CORPORATIONS LAW § 630

Defendants are hereby put on notice that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, Plaintiff intends to charge and hold personally, jointly and severally liable, Defendants for all debts, wages, salaries and/or damages due and owing to Plaintiff for services performed by him and Plaintiff has expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
November 18, 2026

McLAUGHLIN & STERN, LLP

By: ______________________

Brett R. Gallaway
Mohamed T. Hegazi
260 Madison Avenue
New York, New York 10016
Tel.: (212) 448-1100
bgallaway@mclaughlinstern.com
mhegazi@mclaughlinstern.com
*Attorneys for Plaintiff*